IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORA M. TIPPING, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-1403-G-BH |
| | ) | |
| GARLAND CADILLAC, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

### ORDER DENYING APPOINTMENT OF COUNSEL

Before the Court is the plaintiff's request for the appointment of attorney, contained within her *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on July 1, 2021. (*See* doc. 8 at 5.) After consideration of the relevant filings in this case and the applicable law, the motion is hereby **DENIED**.

Dora M. Tipping (Plaintiff) brings this action for alleged discrimination in employment. In order determine whether a plaintiff should be appointed counsel in employment discrimination cases, the Fifth Circuit has identified three factors that the Court must review: (1) the merits of the claims alleged; (2) the party's efforts to retain the services of an attorney; and (3) the party's financial ability. *Neil v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984). No single factor is conclusive. *See, e.g., Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). Although courts must be sensitive and innovative in confronting problems faced by pro se litigants in employment cases, they must consider that the plaintiff bears the burden of persuasion and that appointed counsel serve without compensation unless the suit is successful and attorney's fees are awarded. *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995) (citing 42 U.S.C. § 2000e-5(k)). "In general, then, the circumstances under which [an employment discrimination] litigant is entitled to an

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

appointed counsel are limited." *Id*.

## I. Plaintiff's ability to afford an attorney

To satisfy this factor, Plaintiff need not make a substantial showing of poverty as is required when moving to proceed *in forma pauperis*. *Lee v. U.S. Postal Service*, 882 F. Supp. 589, 593 (E.D. Tex. 1995). She is only required to show that she has insufficient assets to investigate and file her claim. *Id.* Based on Plaintiff's application to proceed *in forma pauperis,* she qualified to proceed without payment. Accordingly, the first factor weighs in favor of appointing counsel.

## II. Efforts to Retain Counsel

To meet the second factor, Plaintiff must show she has been "'reasonably diligent'" in her efforts to retain counsel. *Lee*, 882 F. Supp. at 594 (citing *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301 (9th Cir. 1981); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). "A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Plaintiff's motion does not indicate that she has contacted any attorneys or explored the possibility of contingent fee arrangements with private attorneys. This factor weighs against the appointment of counsel. *Compare Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (noting that this factor will weigh in a plaintiff's favor when he has made repeated attempts to secure counsel).

## III. Merits of Plaintiff's claims

This last factor is the most difficult to apply at this preliminary stage of the proceedings. Examination of the merits of plaintiff's claim before receiving an answer to the complaint is "akin

2

to a frivolousness review" under 28 U.S.C. § 1915(e) (formerly § 1915(d)).  *See Lee*, 882 F. Supp. at 594.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.

Plaintiff alleges that the defendant discriminated against her on the basis of national origin, and she has provided her charge of discrimination to the Equal Employment Opportunity Commission (EEOC) and its determination.  (*See* doc. 9.)  The EEOC's decision not to proceed with the investigation of Plaintiff's claims provides a basis for gauging the potential merit of this action.  *See Gonzales*, 907 F.2d at 580 (holding that the determination of the EEOC is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding).  This factor therefore weighs against appointment of counsel.

Considering these factors, the Court finds that Plaintiff has not met her burden of establishing a basis for appointing counsel.  Her request for the appointment of counsel is therefore **DENIED**.  If the case proceeds to trial, the Court may reconsider whether additional factors warrant appointing counsel at that time.

**SO ORDERED this 6th day of July, 2021.**

                                                                                  _____
                                                                                   IRMA CARRILLO RAMIREZ
                                                                                   UNITED STATES MAGISTRATE JUDGE