IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORA M. TIPPING,<br>   Plaintiff, | § § § | |
| vs. | § § | No. 3:21-CV-1403-G-BH |
| GARLAND CADILLAC,<br>   Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Before the Court is *Defendant's Rule 12(B)(6) Motion to Dismiss and Brief in Support*, filed August 18, 2021 (doc. 15). Based on relevant filings and applicable law, the plaintiff's response to the motion is liberally construed as a motion for leave to amend her complaint to add new allegations and **GRANTED**, and the motion to dismiss should be **GRANTED**.

### I.  BACKGROUND

Dora M. Tipping (Plaintiff) sues her former employer, Garland Cadillac (Defendant), under Title VII of the Civil Rights Act of 1964, as amended (Title VII), for alleged discrimination in employment based on her national origin or ethnicity. (*See* doc. 3 at 1-3; doc. 9 at 2-3.)[2]

Between December 30, 2019, and May 7, 2020, Plaintiff was a manager in Defendant's "Business Development Department – BDC" (BDC). (*See* doc. 9 at 8.)[3] She was required to schedule at least two appointments per day for prospective car buyers to meet with salespersons to discuss the purchase of a car, and she would earn commissions from any sales. (*See* docs. 3 at 1; doc. 9 at 2.) She appears to claim that Defendant's employees discriminated against her by giving

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations refer to the CM/ECF system page number at the top of each page, rather than the page numbers at the bottom of each filing.

[3] Plaintiff was sent a Magistrate Judge's Questionnaire (MJQ) to obtain more information about her claims, and she filed her verified answers under penalty of perjury on July 1, 2021. (*See* doc. 9.)

customers to their favorite co-workers, withholding her commissions and/or giving them to her non-Hispanic co-workers, attempting to interfere with or dissuade her from completing insurance forms, complaining when she asked for time off to go to the doctor, not allowing her to follow COVID-19 social distancing protocols, and making her life "miserable". (*See* docs. 3 at 1-2; 9 at 9, 11-12.) In particular, she was written up on May 1, 2020, for arriving to work three or five minutes late and told that she needed to bring in two customers per day. (*See* doc. 3 at 1-2; doc. 9 at 12.) She was also asked if she had reported the lack of COVID-19 social distancing protocols to someone outside the department, told that she need to keep it in the department, and written up. (*See* doc. 3 at 1-2; 9 at 12.) On May 5, 2020,[4] she was terminated and told that it was because she "did not bring in two people per day to purchase a car." (*See* doc. 3 at 2; doc. 9 at 2.)

On March 8, 2021, Plaintiff filed a charge of discrimination (Charge) with the Equal Employment Opportunity Commission (EEOC),[5] alleging discrimination based on her "National Origin (Hispanic)." (*See* doc. 9 at 1-2.) Her Charge listed three separate instances of discrimination: she was not paid her commission on January 2020; she was written up for being three to five minutes late on May 1, 2020; and she was terminated on May 5, 2020, for not bringing in two people per day to buy a car. (*See id*. at 2.) The EEOC issued a "Dismissal and Notice of Rights" (Notice) on March 12, 2021, stating that it would "not proceed further with its investigation," and that it was "mak[ing] no determination about whether further investigation

---

[4] The original complaint alleges that she was terminated on May 5, 2020, the Charge states that she was terminated "on or about" May 5, 2020, and her MJQ answers state that she worked for Defendant until May 7, 2020. (*See* doc. 3 at 1-2; doc. 9 at 2, 8.)

[5] The Charge states at the bottom of each page, "I want this charge filed with both the EEOC and the State or local Agency, if any" and it identifies the Texas Workforce Commission Civil Rights Division as the State or local agency. (*See* doc. 9 at 2-3.)

would establish violations of the statutes." (*See* doc. 3 at 3; doc. 9 at 5.) Plaintiff's verified answers to the MJQ state that she received the Notice on March 12, 2021, the same date of the Notice. (*See* doc. 9 at 1, 5.)

Ninety-six days later, on June 16, 2021, Plaintiff filed this lawsuit alleging employment discrimination and seeking back pay and compensatory damages for the medical expenses she incurred because of "very stressful events at work." (*See* doc. 3 at 1-3; doc. 9 at 14.) Defendant moved to dismiss on August 18, 2021, alleging that Plaintiff had failed to file suit within 90 days of receiving the Notice. (*See* doc. 15.)

After receiving an extension of time, Plaintiff filed an unverified response on September 22, 2021, contending that she did not receive the Notice on March 12, 2021. (*See* doc. 20 at 2.) She noted that it was issued on that date, and that the envelope in which it was delivered, which she attached, was postmarked March 13, 2021. (*See id.* at 2, 5.) She also claimed that it took at least three to five days to arrive "due to the basic life of a letter within the Postal Service", and that the letter was in her mailbox between March 17, 2021 and March 19, 2021, without accounting for the pandemic, which might have slowed delivery by two or three additional days. (*See id.* at 2.) She did not allege a date that she received the Notice. Plaintiff alleged that 90 days from the date of issuance, March 12, 2021, was Saturday, June 12, 2021,[6] so she had until Monday, June 14, 2021, to file her lawsuit. (*Id.*) Because that date was a holiday, Flag Day, she called "the corresponding Court [on Tuesday] and they let [her] know [she] could go and file the next day, which [she] did first thing at the morning on June 16, 2021." (*Id.*) She also alleges that during the 90 days after she received the Notice, she was looking for an attorney, and that she consulted an

---

[6] Ninety days from March 12, 2021, is Thursday, June 10, 2021.

attorney who told her she still had time to file suit. (*Id.*)

Defendant replied on September 28, 2021, arguing that Plaintiff's judicial admission regarding when she received the Notice should not be disregarded, and that she was judicially estopped from relying on later inconsistent statements. (*See* doc. 21 at 1-5.) It noted that she had not specified when she received the Notice and argued that her complaint was still untimely based on the presumptive date of receipt. (*See id.* at 5-6.) It also argued for the first time that Plaintiff's suit was also barred because she failed to timely file her Charge with the EEOC. (*See id.* at 6.) By order dated January 20, 2022, Plaintiff was *sua sponte* afforded an opportunity to file a sur-reply in response to the new timeliness argument, but she did not file anything. (*See* doc. 22.)

## II. MOTION TO DISMISS

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). (*See* doc. 15.)

### A. Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry*, 954 F.2d at 281. The

court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz*

5

*Franchise*, LLC, 255 F. App'x 775, 783 (5th Cir. 2007). "If ... matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (referencing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). Attachments falling under these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, the pleadings consist of Plaintiff's two-page complaint, the attached copy of the Notice, and her MJQ responses with attachments.[7] (*See* doc. 3 at 1-3; doc. 9.) In response to Defendant's motion, Plaintiff made new allegations concerning her receipt of the Notice and submitted a copy of the post-marked envelope in which it was mailed. (*See* doc. 20 at 5.) Because her *pro se* filing is properly construed as a motion to amend and granted,[8] her new allegations and

---

[7] Plaintiff's MJQ answers constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[8] Because Plaintiff is proceeding *pro se*, her pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that were not raised in the complaint, but were raised for the first time in a response to a dispositive motion, are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v.*

the envelope are also considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. It is therefore unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

### B. Timeliness

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. Before an individual may pursue a Title VII claim in federal court, she must timely exhaust her available administrative remedies. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). This typically means that the complainant must file a charge with the EEOC and receive a "right to sue" letter before filing suit. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002). The Supreme Court has clarified that the mandatory exhaustion requirement of Title VII is "not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Tex v. Davis*, 139 S.Ct. 1843, 1851 (2019). It is instead a condition precedent to maintaining a Title VII claim. *See id.*

---

*Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)*; see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Plaintiff's allegations and attachment in response to Defendant's motion to dismiss are construed as a motion to amend, the motion is granted, and the new allegations and attachment are considered.

### *1. Charge*

Defendant moves to dismiss Plaintiff's claims on grounds that she did not timely file her Charge. (*See* doc. 21 at 6.)

A complainant must file a charge with the EEOC within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 n.1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act.[9] *Martin v. Lennox Int'l Inc.*, 342 F. App'x. 15, 18 (5th Cir. 2009) (per curiam). If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). Timely filing of an EEOC complaint is not a jurisdictional requirement; the limitations period is subject to estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). A plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period. *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). Equitable tolling applies only in "rare and exceptional circumstances," however. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Here, Plaintiff alleges in her pleadings that the last discriminatory action by Defendant occurred on May 5, 2020, when she was terminated. (*See* doc. 3 at 1-2; doc. 9 at 2.) She therefore

---

[9] Plaintiff has not alleged that she initiated state agency proceedings before filing her Charge with the EEOC. (*See* doc. 3.) Some, but not all, courts appear to require that a plaintiff actually file with the state agency to trigger the 300-day filing provision in deferral states. *See, e.g., Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (extending period to 300 days in a Title VII case because the "complainant [had] instituted state or local proceedings"); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 (N.D. Tex. 2011) (same). As noted, the Charge contains language requesting that it also be filed with the state agency. (*See* doc. 9 at 2- 3.)

had until March 1, 2021, to file her Charge. Her pleadings show that she did not file it until March 8, 2021, however. (*See id.*) Her Charge was also filed more than 300 days after the date she claims she last worked, May 7, 2020. (*See* doc. 9 at 8.) Despite an express invitation to respond to Defendant's new argument in its reply that her Charge is untimely because she filed it more than 300 days after the last alleged discriminatory act, (*see* doc. 22), Plaintiff did not.[10]

As noted, a plaintiff who does not timely file a charge bears the burden of showing a factual basis for tolling the limitations period, *Blumberg*, 848 F.2d at 644, and equitable tolling applies only in "rare and exceptional circumstances," *Davis*, 158 F.3d at 811. The Fifth Circuit has recognized that equitable tolling may be warranted where a lawsuit between the same parties is pending in the wrong forum, the plaintiff is unaware of the facts giving rise to the claim because of the defendant's intentional concealment, or the EEOC misled the plaintiff about the nature of his rights. *See Hood v. Sears Roebuck & Co.,* 168 F.3d 231, 232 (5th Cir.1999); *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). Plaintiff has not alleged any of the circumstances recognized by the Fifth Circuit that might warrant equitable tolling, or any other basis for equitable tolling of her 300-day limitations period for filing her Charge. Because Plaintiff did not timely file her Charge and has not alleged any facts to support a plausible claim for equitable tolling, her claims are subject to dismissed as time-barred on this basis.

### 2. *Lawsuit*

Defendant also contends that Plaintiff's claims are time-barred because she filed suit more

---

[10] **Error! Main Document Only.**Courts will generally not "'review arguments raised for the first time in [a] reply brief,'" but may on occasion consider them if "'the non-movant [is afforded] an adequate opportunity to respond prior to a ruling,'" including by being granted leave to file a surreply.  *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235–36 (5th Cir. 2020) (citations omitted)).

than 90 days after her receipt of the Notice. (*See* doc. 15 at 1.)

Under Title VII, a plaintiff has 90 days after receipt of her right to sue letter from the EEOC to file suit. *See Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)). This 90-day limitation period is strictly construed, and courts "within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.*

Defendant's motion relied on Plaintiff's verified answer to the MJQ, which stated that she received the Notice on March 12, 2021, the date of the Notice. (*See* doc. 15 at 2 (citing doc. 9 at 1).) Plaintiff contended in her response, which has been construed as an amendment to her complaint, that she did not receive the Notice on March 12, 2021, and she attached an envelope from the EEOC that is postmarked on March 13, 2021. (*See* doc. 20 at 2, 5.) Viewing the amended complaint in the light most favorable to Plaintiff, as required by *Baker*, 75 F.3d at 196, she has sufficiently alleged facts to show that she did not receive the Notice on March 12, 2021, and that it was mailed on March 13, 2021. (*See id.*) She has not alleged any facts to show when she received the Notice, however. She only proffers conclusory allegations and speculation regarding when the Notice might have been in her mailbox.

As noted by Defendant, the Fifth Circuit has "conclude[d] that, where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice [of right-to-sue letter] in three days" from the date of mailing. *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 267 (5th Cir. 2015); *see also Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015) ("In the absence of a concrete allegation to the contrary, we presume that a claimant receives an EEOC right-to-sue letter within three days after it is mailed.") (citing *Jenkins*).

10

Here, there is no allegation regarding the date Plaintiff received the Notice, and the postmarked envelope from the EEOC shows that the Notice was mailed on March 13, 2021, (doc. 20 at 5), so she is presumed to have received it on March 16, 2021, *see id.* The 90-day limitations period for filing her lawsuit expired on June 14, 2021. Although she contends that June 14, 2021 was Flag Day, that holiday does not fall within the definition of "legal holiday" set out in Fed. R. Civ. P. 6(a)(6), so it did not extend her filing date. Because she did not file her lawsuit until on June 16, 2021, Plaintiff's claims are also untimely on this basis.[11]

Plaintiff has not alleged any of the circumstances that have been found to justify equitable tolling in this circuit. *See Hood,* 168 F.3d at 232; *Wilson*, 65 F.3d at 404. Although she claims that she called the "corresponding Court" on June 15, 2021, and was told that she could file her lawsuit the next day, she has not identified the court she called. (*See* doc. 20 at 2.) More importantly, she had already missed her filing deadline when she called. Plaintiff also contends that she "was looking for an attorney," and that one told her she still had time to file her lawsuit, although it is unclear whether she was only referred to him on June 11, 2021, or whether she spoke with him on that date. (*See id.*) Even so, this court has found that bad legal advice is not a basis for equitable tolling, which applies in only "'rare and exceptional circumstances.'" *See Teemac v. Potter*, No. 3:01-CV-0669-G, 2001 WL 1135392, at *2 (N.D. Tex. Sept. 20, 2001) (Fish, J.), *aff'd*, 298 F.3d 452 (5th Cir. 2002). Nor has she shown how she exercised due diligence. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Pacheco v. Rice*, 966 F.2d

---

[11] After Plaintiff responded that she did not receive the Notice on March 12, 2021, Defendant argued that Plaintiff's verified answer is a binding judicial admission, and alternatively, that she is judicially estopped from contesting the date of receipt. (*See* doc. 21 at 2-5.) Based on its finding that Plaintiff's lawsuit was not filed within 90 days even if Plaintiff did not receive the Notice on March 12, 2021, these arguments need not be considered.

904, 906 (5th Cir. 1992) (requiring due diligence to warrant equitable tolling). Because Plaintiff failed to timely file her complaint within 90 days of her presumed receipt of the Notice and has not alleged any facts to support a plausible claim for equitable tolling, her claims are also subject to dismissed as time-barred on this basis.

### III.    OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2017 WL 11496979, at *2 (N.D. Tex. May 19, 2017). A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See id*. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez*, 66 F.3d at 97. Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, it is apparent from the face of her complaint that Plaintiff failed to file her Charge within 300 days of Defendant's last allegedly discriminatory act, and she also failed to file her lawsuit within 90 days of her presumed receipt of the Notice. She has alleged no facts to justify equitable tolling. She has amended her complaint twice, through her MJQ answers and her initial response to Defendant's motion to dismiss. She was specifically invited to respond to the argument

12

in the reply that her Charge was untimely but failed to do so. Because her claims are time-barred, she appears to have stated her best case, and no further opportunity to amend is warranted.

## IV.     RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims against it should be **DISMISSED with prejudice** as time-barred.

**SIGNED** this 9th day of February, 2022.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE